**Rita MEDELLIN, On Behalf of Herself and All Others Similarly Situated, Plaintiff-Appellant,**

v.

**IKEA U.S.A. WEST, INC., Defendant-Appellee.**

**No. 15-55174**

United States Court of Appeals, Ninth Circuit.

Submitted January 11, 2017 \*
Pasadena, California

Filed January 13, 2017

Timothy G. Blood, Esquire, Attorney, Paula R. Brown, Attorney, Blood Hurst & O'Reardon LLP, San Diego, CA, Richard D. Lambert, Gene Joseph Stonebarger, Esquire, Attorney, Stonebarger Law, Folsom, CA, for Plaintiff-Appellant

Jill Sharon Casselman, Esquire, Attorney, Michael A. Geibelson, Nicole S. Frank, Attorneys, Robins Kaplan LLP, Minneapolis, MN, Kenneth S. Kawabata, Esquire, Attorney, Manning & Kass, Ellrod, Ramirez, Trester LLP, San Diego, CA, for Defendant-Appellee

Before: TALLMAN and FRIEDLAND, Circuit Judges, and FABER,\*\* Senior District Judge.

**ORDER \*\*\***

Rita Medellin appeals the district court's

\*\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

order decertifying her putative class action alleging violations of California's Song-Beverly Credit Card Act of 1971, Cal. Civ. Code § 1747.08. Medellin concedes that she alleged only a bare procedural violation of the statute and suffered no other cognizable harm. A plaintiff cannot "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement of Article III." *Spokeo, Inc. v. Robins,* —— U.S. ——, 136 S.Ct. 1540, 1549, 194 L.Ed.2d 635 (2016). Because Medellin lacks standing, we vacate the district court's judgment and remand with instructions that the district court dismiss this action without prejudice for lack of standing.

The motions pending at docket numbers 22 and 37 are denied as moot. Each party shall bear its own costs on appeal.

**VACATED AND REMANDED.**